Conlin, Appellant, vs. Agner, Respondent.*

*October 14—November 15, 1949.*

* Motion for rehearing denied, with $25 costs, on December 30, 1949.

For the appellant there was a brief by *Bloodgood & Passmore, John P. Roemer,* and *Charles H. Galin,* all of Milwaukee, and oral argument by *Mr. Roemer* and *Mr. Galin.*

For the respondent there was a brief by *Edwin J. Boyle* of Burlington, and *Beck & DuRocher* of Racine, and oral argument by *Howard DuRocher.*

HUGHES, J. Appellant concedes that he performed voluntary services in obtaining the first deferment for respondent's son and in attempting to arrange a second, and that he is not entitled to specific compensation therefor. He contends, however, that the arrangement under which he performed all services for the respondent was on a promise of the respondent that he would be "well paid" and that therefore the court should consider all services, including the work done in connection with the deferment, in arriving at justly compensable work.

Appellant also objects to the finding of the court that he was entitled to a commission on orders upon which he worked. He maintained that he was not a salesman but an industrial consultant and that under his guidance the business of the respondent improved from a gross income in 1943 of $15,484.29 to $40,293.88 in 1944 and $51,398.50 in 1945. The demand of his amended complaint was for a sum in excess of $35,000.

The trial court admitted into evidence testimony that the plaintiff had been employed only at odd jobs during the twenty-five years preceding 1943. Of this appellant complains on the ground that since he rendered valuable service to the respondent, his past record is immaterial. The question of the status of the appellant in the business was in question. He claimed to be an industrial consultant and demanded compensation in an amount approximating twenty-five per cent of the gross income of respondent's business. He thereby put his skill and ability in issue.

On all the evidence the trial court apparently concluded that it was the war boom, and not the advice and counsel of appellant, that accounted for the sharp increase in business enjoyed by the respondent. The questions presented upon the trial were questions of fact, and the conclusions of the trial court are sustained by the evidence.

We have examined the record and find no basis for appellant's contention that he sustained a loss of costs because of negligence of the court's clerk.

The findings of fact and conclusions of law were signed on November 1, 1948. Appellant's counsel gave notice to the respondent of intention to tax costs on the 22d day of December, 1948. At that time counsel for the respondent appeared and filed objections to the costs proposed by appellant, and the clerk took the matter of amount under consideration. The appellant claims that he left a copy of the judgment with the clerk on that date and that he presumed, when he received a letter from the clerk stating he had adjusted costs and disbursements and had allowed them at $190.10 as of December 30, 1948, that the judgment would be entered carrying those costs. The appellant sent a judgment to the clerk on January 7, 1949, which was entered by the clerk without costs on January 18th.

Thereafter appellant procured an order from the circuit court requiring respondent to show cause why the costs should not be inserted in the judgment as taxed by the clerk. Affidavits were presented to the court, the respondent's affidavit reciting that the copy of the judgment produced by appellant's counsel on December 22d, did not comply with the terms of the findings of fact and conclusions of law on file and that he advised the appellant of the discrepancy. He also called attention of the court to the fact that the letter of the clerk addressed to appellant's counsel advising him of the taxation of costs indicated that no judgment was on file because it contained the sentence, "I have also charged your account in the sum of $15.10 for clerk's fees and will appreciate your check for that amount when you submit your judgment." It was the contention of the respondent that this letter of itself constituted notice to the appellant that no judgment was on file; that none was on file because the one submitted by appellant on December 22d did not comply

with the order for judgment, and that the first judgment in proper form submitted by appellant was that which was forwarded to the clerk on January 7th, eight days after the expiration of the sixty-day period.

Upon this showing the court refused to order the costs inserted in the judgment. We are of the opinion that it was justified in so doing upon the record, and that it did so because it concluded that the appellant had not filed a judgment within the sixty-day period as he claimed.

*By the Court.*—Judgment affirmed.